1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID L. MATHIS,                          No.  2:17-cv-00052 AC P

12                 Petitioner,

13          v.                                  ORDER

14   J. SALAZAR, Warden,

15                 Respondent.

16

17          I.      Introduction

18          Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

19   filed pursuant to 28 U.S.C. § 2241, and a request to proceed in forma pauperis; petitioner has also

20   filed a motion for preliminary injunctive relief.  Petitioner has consented to the jurisdiction of the

21   undersigned United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), and

22   Local Rule 305(a).  See ECF No. 8.

23          For the reasons that follow, the petition is denied without leave to amend for failure to

24   state a cognizable claim, and petitioner's motion for preliminary injunctive relief is denied as

25   moot.

26          II.     In Forma Pauperis Application

27          Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford

28   the costs of suit.  Accordingly, petitioner's request for leave to proceed in forma pauperis will be

1

1    granted.  See 28 U.S.C. § 1915(a).

2           III.    Standard of Review

3           A federal prisoner challenging the manner, location, or conditions of the execution of his

4    or her sentence, on federal constitutional, statutory or treaty grounds, must bring a petition for

5    writ of habeas corpus under 28 U.S.C. § 2241.  See Hernandez v. Campbell, 204 F.3d 861, 864

6    (9th Cir. 2000) (per curiam).  A district court must award a writ of habeas corpus or issue an order

7    to show cause why the writ should not be granted unless it clearly appears from the petition that

8    the applicant is not entitled to relief.  See 28 U.S.C. § 2243.

9           IV.    Petitioner's Allegations, Claims and Request Relief

10          Petitioner makes the following allegations.  See ECF No. 1 at 1-3.  Petitioner was

11   transferred to the Federal Correctional Institution (FCI) in Herlong on December 27, 2012.  On

12   January 7, 2013, FCI Herlong instituted a "two-hour watch program," which requires that

13   selected inmates verify their location to officials every two hours.  On the same date, petitioner

14   and two other FCI Herlong inmates were placed in the program.

15          From March 2013 to June 2016, petitioner sought unsuccessfully to obtain a copy of the

16   program statement or underlying regulation, neither of which was posted for inmate review, either

17   at the law library or on the prison's electronic bulletin board.  In July 2016, petitioner requested

18   removal from the program, alleging a denial of equal protection.  Petitioner's request was denied

19   at the informal "Unit Team" level, on the ground that the team did have authority to grant the

20   requested relief.  Next, the Warden informed petitioner that he "met the criteria for the

21   institution['s] two-hour watch program," without addressing petitioner's equal protection claim.

22   The next response, from the Regional Director, informed petitioner that "all inmates" in FCI

23   Herlong's general population "with the past history of escape or attempted escape are currently in

24   the 2-hour watch program," without addressing plaintiff's request for a program statement.

25   Finally, the National Inmate Appeals Administrator denied petitioner's appeal on December 6,

26   2016, reiterating the assessment of the Regional Director that "all inmates" with a past history of

27   escape or attempted escape were placed in the program; the Regional Director provided petitioner

28   with a copy of "Program Statement 5510.13, Posted Picture File," explaining that program

2

1   procedures are developed "locally," but did not address petitioner's equal protection claim.

2          Petitioner contends that the selection of inmates for inclusion in the two-hour watch

3   program is arbitrary and therefore violates his rights to due process and equal protection.  He

4   alleges that the only official with direct access to all inmate files at CFI Herlong is the Warden,

5   who opined only that petitioner met the criteria for inclusion in the program.  Petitioner contends

6   that the Regional Director's statement that the program includes all inmates with a past history of

7   escapes or attempted escapes is untrue.  In support of this contention, petitioner identifies two FCI

8   Herlong inmates with escape convictions who are not in the program, and one inmate who is in

9   the program who does not have a history of escapes or attempted escapes.  Petitioner explains that

10  he presently "does not seek to be removed from the two-hour watch program" but "asserts that

11  those who are similarly situated should be equally treated to inclusion in the program."  ECF No.

12  1 at 4.

13         Petitioner argues that the failure of FCI Herlong officials to post a comprehensive

14  statement describing the criteria for inclusion in the program is also a violation of due process.

15  He contends that the Federal Bureau of Prison's (BOP) "Program Statement 5510.13, Posted

16  Picture File," given him by the National Administrator, does not identify the requirements for

17  inclusion in the program but states only that the "[p]rocedures for two hour watch will be

18  developed and negotiated locally."  See ECF No. 1 at 20 (Statement, § 3(k)).  Petitioner seeks an

19  order from this court declaring FCI Herlong's two-hour watch program unconstitutional; or,

20  alternatively, an order directing the FCI Herlong Warden to conspicuously post a statement

21  describing the purpose, scope, and eligibility criteria for the program, as well as the procedures

22  and documentation for assessing inmate eligibility for the program.  See ECF No. 1.

23         In his motion for preliminary injunctive relief, petitioner seeks an order directing the FCI

24  Herlong Warden to "return the battery-operated clocks to the Food Service Department, the

25  Health Services Department, and Commissary," or to provide petitioner with a watch.  Petitioner

26  also seeks an order directing respondent "to place similarly situated inmates in the prison's 2-hour

27  watch program" and provide petitioner with "a copy of the written program statement for the 2-

28  hour watch program."  See ECF No. 6.  Petitioner complains that the removal of clocks in FCI

1  Herlong makes it difficult for petitioner and other similarly situated inmates to timely report to

2  officials.  When petitioner complained to officials about the absence of clocks, he was told to

3  purchase a watch which he asserts, with supporting documentation, would cost him $50.70.

4  Petitioner contends that the prison should cover the costs for maintaining security at FCI Herlong.

5  Petitioner relies on the elements for granting preliminary injunctive relief set forth in

6  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008), to assert that he is

7  likely to proceed on the merits of his habeas petition; he is likely to suffer irreparable harm in the

8  absence of injunctive relief in the form of disciplinary action for failing to timely report to

9  officials; the balance of equities tips in petitioner's favor because the prison would incur no

10  hardship by installing clocks and posting a full program statement; and compliance with these

11  putative constitutional standards is in the public interest.

12  Petitioner avers that he exhausted his administrative remedies.  See 28 C.F.R. § 542.10 et

13  seq. (Bureau of Prisons Administrative Remedy Program).  Section 2241 does not expressly

14  require petitioners to exhaust administrative remedies before filing a petition.  Nevertheless, the

15  Ninth Circuit Court of Appeals requires exhaustion "as a prudential matter."  Castro–Cortez v.

16  INS, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by Fernandez-Vargas v.

17  Gonzales, 548 U.S. 30 (2006).

18  V.  The Petition

19  Notwithstanding petitioner's request to prison officials to be removed from the watch

20  program, petitioner concedes here that his past conduct renders him an escape risk and, on that

21  basis, states that his inclusion in the program is appropriate.  However, petitioner contends that

22  the failure of prison officials to disclose and post the pertinent criteria for program inclusion

23  constitutes a denial of due process.  Petitioner further contends that, to the extent inclusion in the

24  program is based on an inmate's past escape attempts or risk of future escape attempts,

25  application of this criteria is inconsistent, constituting a denial of due process and equal

26  protection.

27  /////

28  ////

1          A.      Due Process

2          State prisoners have no federally-protected liberty or due process interest in their

3   classification status.  See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).  "The

4   same is true of prisoner classification . . . in the federal system.  Congress has given federal prison

5   officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and

6   petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due

7   process."  Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).  Section 4081 directs prisons to classify

8   federal prisoners "according to the nature of the offenses committed, the character and mental

9   condition of the prisoners, and such other factors as should be considered in providing an

10  individualized system of discipline, care, and treatment[.]"  "[I]t is well settled that prison

11  officials must have broad discretion, free from judicial intervention, in classifying prisoners in

12  terms of their custodial status."  McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir.1990)

13  (citations and internal quotation marks omitted).

14         The BOP's "Program Statement 5510.13, Posted Picture File" accords prison officials

15  wide discretion based on multiple factors in deciding whether to post pictures of inmates who are

16  escape risks, present a threat to staff or institution security, or are otherwise potentially disruptive.

17  See ECF No. 1 at 18.  See e.g. United States v. Lecroy, 2012 WL 1114238, at *19, 2012 U.S.

18  Dist. LEXIS 47030, at *57 (N.D. Ga. 2012), aff'd sub nom Lecroy v. United States, 739 F.3d

19  1297 (11th Cir. 2014), cert. denied, 135 S. Ct. 1528 (2015)  ("Inmates who are identified as

20  escape risks receive special treatment in the BOP.  They are included in a program called Posted

21  Pictures, which alerts staff members about inmates who require extra attention and supervision.").

22  The authority delegated to each prison to "locally develop" its own watch program procedures is

23  consistent with this discretion, and the discretion accorded generally to prison officials to

24  determine each prisoner's classification, housing and other custody matters.

25         Courts previously tasked with addressing a due process challenge to BOP's two-hour

26  watch program have found the challenge noncognizable.  See e.g. Hayat v. Garber, 2013 WL

27  5913790, at *1, 2013 U.S. Dist. LEXIS 156959, at *1-3 (D. Ariz. Nov. 1, 2013) (petitioner's

28  claims, including a challenge to his inclusion in a "restrictive 2 hour watch program," do not

                                         5

1  implicate due process rights or otherwise state a cognizable habeas claim); Barrenechea v.

2  McGrew, 2013 WL 5933992, at *4-5, 2013 U.S. Dist. LEXIS 159244 (C.D. Cal. Oct. 31, 2013)

3  (petitioner's challenge to his "red card" classification, which rendered him subject to "a two-hour

4  watch security monitoring procedure," failed to state a cognizable habeas claim because

5  "Congress has given the BOP broad discretion on determinations involving security classification

6  and placement of inmates" (citing 18 U.S.C. §§ 3621(b), 4081), and "federal courts lack

7  jurisdiction to review claims of BOP error in making individualized determinations under § 3621"

8  (citing Reeb v. Thomas, 636 F.3d 1224, 1228 (9th Cir. 2011)); Martinelli v. Morrow, 2010 WL

9  5508637, at *3-4, 2010 U.S. Dist. LEXIS 138698, at *11-5 (N.D. Fla. Nov. 12, 2010) (collecting

10  cases) (petitioner's allegedly unsupported assignment to a watch program failed to state a due

11  process claim because petitioner "failed to establish that he has a liberty interest in freedom from

12  being on a two-hour watch"), report and recommendation adopted, 2011 WL 31115, 2011 U.S.

13  Dist. LEXIS 763 (N.D. Fla. Jan. 5, 2011).

14         These cases are correctly decided, and the same result is compelled here.  The

15  undersigned finds that petitioner's challenge to his placement in FCI Herlong's two-hour watch

16  program fails to state a cognizable due process claim, because the decision to classify a prisoner

17  as an enhanced security risk, precipitating additional precautions and inmate reporting

18  requirements, is within the sound discretion of prison officials.  The failure of prison officials to

19  post and notify inmates of the prison's "locally developed and negotiated" program requirements

20  also fails to state a due process claim.  Moreover, as a practical matter, the posting of such

21  requirements would be futile because their implementation remains discretionary.  See e.g.

22  Gutierrez-Chavez v. I.N.S., 298 F.3d 824, 827 (9th Cir. 2002), amended on denial of rehearing,

23  337 F.3d 1023 (9th Cir. 2003) (Section 2241 is not available "to challenge purely discretionary

24  (yet arguably unwise) decisions made by the executive branch that do not involve violations of

25  the Constitution or federal law.").

26         B.      Equal Protection

27         Petitioner's equal protection challenge to his placement in the watch program also lacks

28  merit.  "The equal protection clause forbids the establishment of laws which arbitrarily and

1    unreasonably create dissimilar classifications of individuals when, looking to the purpose of those

2    laws, such individuals are similarly situated.  It also forbids unequal enforcement of valid laws,

3    where such unequal enforcement is the product of improper motive."  <u>Williams v. Field</u>, 416 F.2d

4    483, 486 (9th Cir. 1969) (citing <u>Yick Wo v. Hopkins</u>, 118 U.S. 356 (1886)).  "[A] classification

5    neither involving fundamental rights nor proceeding along suspect lines is accorded a strong

6    presumption of validity.  Such a classification cannot run afoul of the Equal Protection Clause if

7    there is a rational relationship between the disparity of treatment and some legitimate

8    governmental purpose."  <u>Heller v. Doe by Doe</u>, 509 U.S. 312, 319-20 (1993) (citations omitted).

9         In the instant case, the categories described by petitioner do not implicate suspect

10   classifications or fundamental rights, and are therefore subject to no more than rational basis

11   scrutiny.  Moreover, the essence of petitioner's equal protection challenge is that assignment to

12   the two-hour watch program does not conform to the category identified by the BOP Regional

13   Director, which includes "all inmates with the past history of escape or attempted escape;" it is

14   the alleged failure of prison officials to adhere to this classification that petitioner challenges, not

15   the classification itself.  Nevertheless, regardless of the criteria applied by FCI Herlong officials

16   to assign prisoners to the subject program, "[a] habeas claim cannot be sustained based solely

17   upon the BOP's purported violation of its own program statement because noncompliance with a

18   BOP program statement is not a violation of federal law.  Program statements are 'internal agency

19   guidelines [that] may be altered by the [BOP] at will' and that are not 'subject to the rigors of the

20   Administrative Procedure Act, including public notice and comment.'"  <u>Reeb</u>, 636 F.3d at 1227

21   (quoting <u>Jacks v. Crabtree</u>, 114 F.3d 983, 985 n.1 (9th Cir. 1997)).  Accordingly, the undersigned

22   finds that petitioner has failed to articulate a cognizable equal protection claim.

23              C.    <u>Conclusion</u>

24        For the foregoing reasons, this court finds that the instant § 2241 petition fails to state a

25   cognizable claim, and that the deficiencies of the petition cannot be cured by amendment.

26   Accordingly, the petition will be denied without leave to amend.

27   /////

28   /////

1

VI.     Motion for Preliminary Injunctive Relief

2           The denial of the instant petition renders petitioner unable to succeed on the merits of his

3  claims and therefore on his motion for preliminary injunctive relief.  See Winter, 555 U.S. at 20

4  (party seeking preliminary injunction must establish, inter alia, that he is likely to succeed on the

5  merits of his claims).  More broadly, a district court may not issue preliminary injunctive relief

6  without primary jurisdiction over the underlying cause of action.  Sires v. State of Washington,

7  314 F.2d 883, 884 (9th Cir. 1963) (affirming district court's denial of petitioner's motion for

8  preliminary injunctive relief, filed separately from his petition under 28 U.S.C. § 2241).

9  Accordingly, petitioner's motion for preliminary injunctive relief will be denied as moot.

10         VII.     Conclusion

11         For the reasons set forth above, IT IS HEREBY ORDERED that:

12         1.  Petitioner's motion to proceed in forma pauperis, ECF No. 5, is granted.

13         2.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No.

14  1, is denied without leave to amend, on the ground that it fails to state a cognizable claim.

15         3.  Petitioner's motion for preliminary injunctive relief, ECF No. 6, is denied as moot.

16         4.  The Clerk of Court is directed to close this case.

17  DATED: March 24, 2017

18                                         _____

19                                         ALLISON CLAIRE
                                           UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28